# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAPHNEY LIVSEY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ADVENTIST LaGRANGE MEMORIAL, )<br>HOSPITAL, a/k/a ADVENTIST HEALTH )<br>SYSTEM/SUNBELT, INC. )<br>)<br>Defendant. ) | **Case No. 09 CV 3129**<br><br>**Magistrate Judge Young B. Kim**<br><br><br><br>**July 13, 2010** |

## MEMORANDUM OPINION and ORDER

Before the court is the motion of plaintiff Daphney Livsey ("Livsey") for appointment of counsel. Livsey alleges in this employment discrimination case that defendant Adventist LaGrange Memorial Hospital ("Adventist") terminated her employment in December 2008 because of her age (46), sex (female), race (African American) and protected activity (April 2008 charge of discrimination filed with the EEOC). For the following reasons, the motion is denied:

**Procedural History and Background**

On May 23, 2009, Livsey, by and through her attorney, filed a four-count complaint of employment discrimination against Adventist. (R. 1, 3.) According to the complaint, Adventist terminated Livsey from her position as a Radiology Services Technician on December 17, 2008, based on unlawful factors. (R. 1.) On September 25, 2009, Adventist filed its answer, and on December 3, 2009, the court ordered the parties to proceed with

discovery. (R. 19, 27.) As of February 23, 2010, the parties were finished with written discovery and were engaged in oral discovery. (R. 31.)

On May 13, 2010, the court ordered Livsey to supplement her written discovery responses by May 21, 2010, ordered Adventist until June 18, 2010, to complete its depositions and ordered the parties to appear for a settlement conference on July 21, 2010. (R. 38.) On June 14, 2010, Livsey's attorney, Michael Smith, filed a motion to withdraw from this case. At the same time, Adventist filed a motion to extend the time to complete the deposition of two third-party witnesses. (R. 41, 42.) On June 22, 2010, the court listened to Mr. Smith's explanation for seeking to withdraw from the case in camera and granted his motion. (R. 46.) The court also granted Adventist's motion for extension of time to complete the two outstanding depositions and granted Livsey until July 21, 2010, to find new representation. Later that day, Livsey completed the forms for "MOTION FOR APPOINTMENT OF COUNSEL" and "IN FORMA PAUPERIS APPLICATION AND FINANCIAL AFFIDAVIT." (R. 47, 48.).

Livsey represented in her financial affidavit that she is unemployed, her total monthly income is $1,153 (unemployment benefits and state assistance), has a monthly car payment of $320, and supports two children on her own. (R. 47.) In her motion for appointment of counsel, Livsey represented that she is unable to pay for an attorney and that she has contacted "Michael T. Smith" and "Mr. J. Ambrose." (R. 48.) "Michael T. Smith" is the same attorney who withdrew from this case the same day Livsey completed the form motion

for appointment of counsel. Livsey also represented in the motion that she attended "some college" but that "[her] ability to speak, write, and/or read English is limited because English is not [her] primary language." (Id.)

On July 9, 2010, Adventist filed a response opposing the motion for appointment of counsel. Adventist argued that: (1) the court should deny the motion for appointment of counsel because the case lacks merit; (2) Livsey failed to make any attempt to retain an attorney; and (3) Livsey is competent to represent herself in this case. In support, Adventist pointed out that in the middle of Livsey's deposition, her attorney recommended that she sign a stipulation to dismiss the case and when she elected against the advice of her counsel, counsel represented that he would be withdrawing from the case. (R. 50.) Adventist pointed out further that Livsey completed the motion on the same day the court granted Mr. Smith's motion to withdraw and that she is a full-time student at DePaul University.

**Analysis**

Livsey's motion for appointment of attorney is denied. Pursuant to 28 U.S.C. § 1915(e)(1), the court has the discretionary authority to "request an attorney to represent any person unable to afford counsel." In order to properly exercise this discretion, the court must answer the following two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it [herself]?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). As to the second question, the material

issue is whether the difficulty of the case at hand (factually and legally) exceeds the *pro se* plaintiff's ability to litigate and present the case to the judge or jury by herself at trial. *Id.* at 655.

Here, Livsey failed to demonstrate in her motion that she made a reasonable attempt to obtain counsel or had been effectively precluded from doing so. According to the record, and the information available to the court, Livsey completed the financial affidavit and the motion for appointment of counsel soon after she appeared in court for Mr. Smith's motion to withdraw from this case. There are no facts from which the court could draw an inference that Livsey made any attempt to retain a different attorney despite the fact that the court granted her until July 21, 2010.

Also, based on the nature of this case, the court finds that Livsey is competent to litigate this case herself. Although Mr. Smith drafted the complaint as a multi-count complaint, this case is a case straight forward termination case. Livsey alleges that Adventist treated her differently from other similarly situated employees who are not members of her protected class when it terminated her employment in December 2008. In order to defeat a motion for summary judgment and to prevail at trial, Livsey has to offer evidence that the relevant management official treated her differently from others and that the rationale for her termination lacks factual basis. An attorney may present this case more effectively than Livsey, but that is not the standard the court is required to follow when responding to a motion for appointment of counsel. *Id.*

Livsey represented that her ability to speak, write, and read English is limited because English is not her primary language. However, this representation is inconsistent with the record and the court's own observation. First, the record does not show that Livsey required any assistance in completing the financial affidavit or the motion for appointment of counsel, which are both in English. Second, when Livsey appeared in court on June 22, 2010, the court did not notice her experiencing difficulty understanding the court or Mr. Smith or addressing the court or that English is her second language. Notably, Livsey did not identify her primary language. Third, Adventist offered that it deposed Livsey without any difficulty on June 10, 2010, and that she is a full-time student at DePaul University. (R. 50.)

## Conclusion

For the foregoing reasons, Livsey's motion for appointment of counsel [48] is denied.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**