Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3129 | **DATE** | April 27, 2011 |
| **CASE TITLE** | *Livsey v. Adventist LaGrange Memorial Hospital* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the plaintiff's motion to reconsider [94-1] is denied.

■[ For further details see text below.]

00:00

## STATEMENT

     In this employment discrimination case, the plaintiff, Daphne Livsey, has filed a motion to reconsider this court's grant of summary judgment against her and in favor of Adventist LaGrange Memorial Hospital. Adventist has filed a response. Although the plaintiff's motion fails to specify whether she is moving under Fed. R. Civ. P. 59(e) or 60(b), the court construes the motion as one under Rule 59(e) because the plaintiff does not assert any basis for relief that is provided for under Rule 60(b), and the plaintiff's motion is a timely Rule 59(e) motion. *See* Fed. R. Civ. P. 59(e)(a motion to alter or amend the judgment must be filed no later than 28 days after the entry of judgment). Motions for reconsideration serve the limited function of allowing the court to correct manifest errors of law or fact or to consider newly discovered material evidence. *See County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

     Ms. Livsey asserts several reasons why the court should grant the motion. First, she argues that she is a pro se litigant who needed more time to respond to the defendant's motions and that the defendant had an unfair advantage over her because it was represented by attorneys. However, as noted by the defendant, the court took particular care in this case to ensure that Ms. Livsey received the proper notices regarding the motion for summary judgment. On September 22, 2010, the court directed the defendant to serve upon Ms. Livsey a copy of the notice to pro se litigants prescribed by Local Rule 56.2, which the defendant did. In addition, when Ms. Livsey notified the court that she did not have complete copies of the deposition transcripts, defense counsel provided, at their expense, copies of all of the deposition transcripts to Ms. Livsey. *See* Dkt. #81. Finally, Ms. Livsey, after requesting and being granted an extension, was given 75 days to respond to the summary judgment motion. As to the assertion that the defendant had an unfair advantage because it was represented by attorneys, the court notes that the plaintiff was represented by an attorney through discovery. When Ms. Livsey requested appointment of counsel after her lawyer withdrew, the magistrate judge denied the motion on the grounds that Ms. Livsey had not demonstrated that she tried to

| STATEMENT |
|---|

obtain other counsel but could not and Ms. Livsey was able to competently prosecute the remainder of the case on her own. Ms. Livsey did not appeal that ruling to this court. Moreover, with respect to the summary judgment motion, as already noted, the court was diligent in ensuring that the plaintiff had the proper notices, all of the necessary deposition testimony and sufficient time to respond to the motion for summary judgment. In addition, it construed Ms. Livsey's filings generously given her pro se status. Accordingly, the court denies this basis for the motion to reconsider.

Ms. Livsey also contends that the defense attorneys carried out an improper deposition because they did not have all of the documents at the time of the deposition and some doctors "who had vital data" were not deposed. As an initial matter, Ms. Livsey does not identify whose deposition she is referring to or which doctors with "vital data" were not deposed. Moreover, Ms. Livsey was represented by counsel until June 22, 2010, when counsel was granted leave to withdraw. At that time counsel withdrew, discovery was almost complete. Thus, Ms. Livsey had the benefit of counsel throughout almost the entire discovery process and cannot now complain that it should have proceeded differently.

To the extent that she complains she did not receive all of the deposition transcripts in this case, this assertion is belied by the certificate of service filed by defense counsel stating that three deposition transcripts with the exhibits were sent to Ms. Livsey. Dkt. #81. The defendant's response to the motion to reconsider indicates that these were all of the deposition transcripts in the case.

Finally, Ms. Livsey goes through the reasons why she believes she has a meritorious claim and why she should be allowed to proceed with the case. Ms. Livsey essentially argues that the court got it wrong. But a motion to reconsider is not an opportunity for parties to rehash old arguments or present new arguments or evidence that could have previously been presented. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Zepter v. Dragisic*, 237 F.R.D. 185, 187 (N.D.Ill.2006) (holding that Rule 59(e) does not provide "an opportunity for a disappointed party to rehash the same arguments that it raised earlier."). And while the court sympathizes with Ms. Livsey's unemployed status, this simply is not a basis on which to grant a motion to reconsider.

For these reasons, Ms. Livsey's motion to reconsider is denied.