Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 3129 | **DATE** | August 9, 2011 |
| **CASE TITLE** | *Livsey v. Adventist LaGrange Memorial Hospital* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the plaintiff's motion for leave to appeal [111-1] is granted. The clerk is directed to send a copy of this order to the Seventh Circuit.

■[ For further details see text below.]

00:00

## STATEMENT

    In this employment discrimination case, the plaintiff, Ms. Livsey, was initially represented by counsel. However, at her deposition, her attorney apparently learned information which led him to counsel his client to dismiss her case. After she refused to do so, counsel was granted leave to withdraw. Thus, Ms. Livsey proceeded pro se. The court ruled on the defendant's motion for summary judgment and entered judgment against the plaintiff on March 9, 2011. Ms. Livsey filed a timely Rule 59 motion to alter or amend the judgment on March 29, 2011, which this court denied on April 27, 2011. The plaintiff, however, did not file a notice of appeal until June 1, 2011, which was untimely. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal in a civil case must be filed within thirty days of the entry of the judgment on the district court's docket) and Fed. R. App. P. 4(a)(4)(A)(iv) ( "If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: . . . to alter or amend the judgment under Rule 59 . . . .").

    Ms. Livsey received an order from the Seventh Circuit bringing this problem to her attention, and in response, Ms. Livsey filed with this court on June 30, 2011, what appeared to be a second motion to reconsider. This court denied that motion. On July 1, 2011, the Seventh Circuit gave Ms. Livsey additional time to file a memorandum with that court explaining why her appeal should not be dismissed as untimely. Again, instead of filing anything with the Seventh Circuit, Ms. Livsey filed with this court on July 14, 2011, a document entitled "Petition for Leave to Appeal," which is now before the court.

    Rule 4(a)(5) of the Federal Rules of Appellate Procedure provides that, "[t]he district court may extend the time to file a notice of appeal if: (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." Even construing Ms.

Livsey's June 30, 2011, filing as a motion to extend the time to appeal, her request is untimely under Rule 4(a)(5), which requires a litigant seeking an extension to file a motion to extend the time to appeal "no later than 30 days after the time prescribed by this Rule 4(a) expires."

The order denying Ms. Livsey's Rule 59 motion to alter or amend the judgment was entered on April 27, 2011. Thus, her notice of appeal was due by May 27, 2011, which is 30 days after April 27, 2011. Ms. Livsey filed an untimely notice of appeal on June 1, 2011. Accordingly, her only recourse was to file a motion for an extension of the time to appeal. Under Rule 4(a)(5), the last day possible day to file such a motion was Monday, June 27, 2011 (30 days after May 27, 2011, is Sunday, June 26, 2011, and Fed. R Civ. P. 6(a)(1)(C) entitles her to an extra day). Unfortunately for Ms. Livsey, however, even construing her June 30, 2011, filing as a motion for an extension of time to appeal, it was three days too late.

However, as already noted, Ms. Livsey filed a notice of appeal on June 1, 2011. As the Seventh Circuit has stated, pro se notices of appeal "are entitled to a liberal construction where the intent of the appellant is apparent and the adverse party is not prejudiced." *Scherer v. Kelley*, 584 F.2d 170, 174 (7th Cir. 1978). While *Scherer* was addressing whether a pro se notice of appeal met the requirements of Fed. R. App. P. 3, the principle behind liberally construing notices of appeal is equally applicable in a case such as this where a motion for an extension of time to file an appeal was not filed within the proper time period but an actual notice of appeal was. Thus, the court now construes the June 1, 2011, notice of appeal as a motion for an extension of time to appeal, which was timely under Rule 4(a)(5).

Resolution of Ms. Livsey's motion thus turns on whether her error rises to the level of "excusable neglect." According to the Seventh Circuit, when determining if neglect is "excusable," the court must consider all of the relevant circumstances, including "the danger of prejudice [to the non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Marquez v. Mineta*, 424 F.3d 539, 541 (7th Cir. 2005), *quoting United States v. Brown*, 133 F.3d 993, 996 (7th Cir. 1998).

The court concludes that Ms. Livsey's failure to file her appeal on time rises to the level of excusable neglect. It appears she believed that her motion to reconsider filed on March 29, 2011, constituted a notice of appeal. *See* Dkt. #109, ¶ 2. Only a little over three months has passed since the date the notice of appeal should have been filed, thus, the danger of prejudice to the defendant in this case is minimal and the length of the delay negligible. The court cannot discern any impact on the judicial proceedings as a result of this short delay. Moreover, it is clear that Ms. Livsey intended to file an appeal all along but apparently was not aware that her March 29, 2011, filing entitled "Motion to Reconsider" did not constitute a notice of appeal. Therefore, Ms. Livsey's motion for leave to file a late appeal is granted.